UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTONIO SERCYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3220 |
| | ) | |
| WEXFORD HEALTH SOURCES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in East Moline Correctional Center, pursues claims arising from the failure to diagnose and treat his diabetes during Plaintiff's incarceration in Logan Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**LEGAL STANDARD**

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing

is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In June, 2011, Plaintiff was informed by a doctor at Centralia Correctional Center that Plaintiff was borderline diabetic. Plaintiff was advised to notify health care staff immediately if he experienced dizziness, dry mouth, or frequent urination.

Plaintiff was transferred to Logan Correctional Center in September, 2011. On or about December 1, 2011, Plaintiff felt "very ill with dizz[i]ness, blurred vision, dried mouth, and frequent urination." (Complaint, p. 5, d/e 1.) He wrote to Defendant Lercher, the health care unit administrator but received no response. On some unspecified date, Plaintiff filed an emergency grievance, but Defendants Reynolds and Roberson did not respond, even though procedure required them to respond within 24 hours. On December 13, 2011, during his annual TB test, Plaintiff told Defendant Nurse Weatherford about his symptoms, relaying that he felt very ill. Weatherford allegedly told Plaintiff that he was there for a TB test only, that she "didn't care" about Plaintiff's illness, and that Plaintiff should sign up for sick call. Returning to his unit, Plaintiff stopped an officer and told the officer that he felt as if he would die. Plaintiff was called to the health care unit 20 minutes later, where a test revealed that Plaintiff's blood sugar was 563. Plaintiff was immediately given insulin and admitted to the prison infirmary for

observation. Now Plaintiff takes insulin shots twice daily, but he has to give himself the shots, though allegedly never instructed on the proper procedure.

## ANALYSIS

In the context of medical care for prisoners, cruel and unusual punishment in violation of the Eighth Amendment occurs when a Defendant is deliberately indifferent to a serious medical need of a prisoner:

> A prisoner's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett*, 658 F.3d at 750. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." Id. at 751.

Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012).

A plausible inference of a serious medical need arises from Plaintiff's diagnosis as a borderline diabetic and his description of his symptoms. As for deliberate indifference, negligence or gross negligence is not enough to show deliberate indifference. Deliberate indifference is closer to criminal recklessness—a purposeful failure to act in face of a substantial risk of serious harm. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012). Here, a plausible inference of deliberate indifference arises against Defendants Lercher and

Weatherford, who allegedly ignored Plaintiff's complaints and failed to diagnose and treat Plaintiff's dangerously high blood sugar.

A plausible inference of deliberate indifference also arises against Defendants Reynolds, Roberson, and Dawson. Although these Defendants have no medical training, Plaintiff's symptoms would have arguably notified even a layperson that Plaintiff had an urgent and serious medical need. King, 680 F.3d at 1018 (7th Cir. 2012)(nonmedical defendants may be liable if "'they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'")(quoted cite omitted). These Defendants' alleged failure to promptly respond to Plaintiff's emergency grievance may give rise to an inference of deliberate indifference, depending on the development of the facts.

Plaintiff also alleges that Dr. Obaisi, the prison doctor, failed to properly supervise his medical staff. However, Dr. Obaisi cannot be liable for the constitutional violations of his subordinates just because he supervises them. Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Supervisors are liable only if they, too, were personally responsible for the

constitutional violation, meaning they participated in, directed, condoned, or turned a blind eye to the constitutional violation. Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).

But, Plaintiff also alleges that Dr. Obaisi failed to treat Plaintiff's diabetes after reviewing Plaintiff's file, when Plaintiff first came to Logan Correctional Center. As discussed above, negligence is not a constitutional violation. Nonetheless, the extent of Dr. Obaisi's knowledge and involvement cannot be determined at this stage. Accordingly, Dr. Obaisi remains as a Defendant.

Plaintiff also names Wexford Health Sources, Inc. ("Wexford") as a Defendant for "fail[ing] to properly train and oversee its health care staff." (Complaint, p. 8, d/e 1.) Wexford can only be liable if Wexford had a policy or practice that caused the constitutional deprivations. The policy must have been the "moving force" behind the constitutional violations. Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917 (7th Cir. 2004)(evidence sufficient for jury to find that CMS had an unconstitutional, unwritten practice of providing constitutionally inadequate treatment for mentally ill inmates).

Further, Plaintiff's allegations against Wexford are too conclusory. No

plausible inference arises that Wexford had an unconstitutional practice which caused the nurse to ignore Plaintiff's complaints nor that Wexford had knowledge of any systemic problem of inadequate care at the prison. Accordingly, Wexford must be dismissed.

Plaintiff seeks a preliminary injunction requiring staff to administer his insulin shots so that he does not have to do so himself. He does not explain how requiring him to administer his own shots amounts to deliberate indifference. In any event, Plaintiff has been transferred to a different prison, mooting this request for injunctive relief.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for October 15, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal constitutional claim for deliberate indifference to his serious medical needs against Defendants Weatherford, Reynolds, Roberson, Lercher, Obaisi, and Dawson. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Wexford Health Sources is dismissed for failure to state a claim.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his

place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: October 3, 2012

FOR THE COURT:

                                             **s/Sue E. Myerscough**
                                             SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE